3 w 346
§  283
3 w 414

## G. A. JONES ET AL. v. J. R. SPANN.

### (No. 5192.)

APPEAL from Dallas County. Opinion by WHITE, P. J.

MORROW & BLEWETT, counsel for appellants.

WEST & McGOWN, counsel for appellee.

· § 283. *Appeal bond from justice's court; approval of by justice; case stated.* ·Appellee recovered judgment against appellants in justice's court, March 28, 1885.

April 3, 1885, appellants filed their appeal bond with the justice. There are two indorsements on the bond as follows: 1. "Filed 4–3–85, H. Schule, J. P." 2. "Approved the within bond, H. Schule, J. P." The first indorsement evidently means that the bond was filed April 3, 1885. The indorsement of approval is not dated, and appears to have been a separate act from the filing. *Held:* The statute provides, "When such bond is filed with the justice the appeal shall be held perfected thereby." [Gen. Laws 18th Leg. p. 91, art. 1639.] Nothing is said about approval, and if any presumption is, or can be, indulged with regard to the approval, it will be that the justice did not receive and file the bond until he had approved it.

§ **284.** *Transcript; rules relating to the filing of.* The justice did not transmit the original papers and transcript of his docket of the case to the clerk of the county court until May 8, 1885, which was at the first term of the county court after the appeal had been perfected, but was after said term of court had been in session four days. *Held:* When the appellant has filed his appeal bond with the justice, in so far as he is concerned, his appeal is perfected. It then becomes the duty of the justice to transmit the original papers and transcript to the clerk of the county court immediately. [R. S. art. 1640.] This provision is, however, qualified by the subsequent article 1641, which provides that the original papers and transcript shall be transmitted, *if practicable*, to the clerk of the county court on or before the first day of the next term of such court, and if there be not time to make out and transmit the same to the first term, they may be transmitted on or before the first day of the second term of such court. Appellant has nothing to do with the act of transmission and cannot be held bound by the failure of the justice in respect thereto. If the papers and transcript be not filed on or before the first term of the court, but during said term, it will be presumed that it was not "practicable" to do so, because the presumption of the law is that an officer discharges his duty. But if the

papers and transcript are not filed on or before the first day of the second term, then it becomes the duty of the appellant to apply for a writ of *certiorari* to compel the justice to perform his duty in the premises, and this is the first time that any duty devolves upon the appellant with regard to the papers and transcript, and the first time that the appellee can be heard to ask a dismissal of the appeal upon the ground that the same has not been prosecuted with diligence. In this case the papers and transcript having been filed during the first term of the court, but not on the first day of said term, the appeal was properly returnable to the second term [2 W. Con. Rep. § 272], and appellee had no right to have the same dismissed upon the ground aforesaid. When the papers and transcript are not filed on or before the first day of the second term of the court, the appellee should then move to dismiss the appeal upon said ground, and such motion should be granted, unless perhaps there be extraordinary circumstances accounting for the delay. Such motion, however, must be made at the second term, or it will be considered as waived, in case the papers and transcript have in the meantime been filed. Such ground being a mere irregularity, to be made available must be taken advantage of at the first opportunity. In this case the appeal was dismissed upon the grounds: 1, that the appeal bond had not been filed and approved in time; and 2, because the transcript was not filed on or before the first day of the first term, etc. This motion was not filed until five months after the original papers and transcript had been transmitted to and filed in the county court. The county court sustained the motion and dismissed the appeal, and in so doing erred.

· April 23, 1887.                    Reversed and remanded.